1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

10

## SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18

| | |
|---|---|
| CHARLES R. SMITH, et al.,<br><br>                                  Plaintiffs,<br><br>            vs.<br><br>BAYVIEW LOAN SERVICING, LLC,<br><br>                                  Defendant. | CASE NO. 14-cv-836-MMA (KSC)<br><br>**ORDER SUA SPONTE REMANDING ACTION TO STATE COURT**<br><br>[Doc. No. 1] |

19
20
21
22
23
24
25
26
27
28

On February 13, 2014, Plaintiffs Charles and Patricia Smith (collectively, "Plaintiffs") filed a complaint in Small Claims Court of the Superior Court of California, County of San Diego, seeking to recover their refunded taxes in the amount of $2,647.96 from Defendant Bayview Loan Servicing, LLC ("Defendant"). *See* Doc. No. 1-2.  On April 8, 2014, Defendant, proceeding through counsel, filed a notice of removal based on federal question jurisdiction.  Having reviewed Defendant's notice of removal, the Court finds it does not have subject matter jurisdiction over this action.  The Court therefore **REMANDS** this action to the, San Diego County Superior Court, Case No. 37-2014-00300314-SC-SC-NC.

//

### DISCUSSION

The federal court is one of limited jurisdiction and possesses only that power authorized by the Constitution or a statute. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326 (1986). The federal court is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq.* A defendant can only remove a state court action if the plaintiff could have originally filed the action in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for a defendant to remove an action on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983). Additionally, a federal court also has jurisdiction over an action involving citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The well-pleaded complaint rule governs whether federal jurisdiction exists. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . . ." *Franchise Tax Bd.*,

463 U.S. at 9-10.  Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint."  *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

Here, Defendant indicates on the civil cover sheet that jurisdiction in this Court is based on a federal question, specifically a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*.  Doc. No. 1-1.  However, in looking to Plaintiff's complaint, the Court finds that a federal question is not presented on the face of Plaintiff's small claims court complaint.  *See* Doc. No. 1-2.  Instead, the allegations in the complaint state in their entirety "Bayview erroneously paid our taxes to the San Diego tax collector.  The SD tax collector confirms that it returned our $2,647.96 to Bayview in January 2013 by bulk wire transfer.  Bayview has not refunded us despite calls and faxes."  *See* Doc. No. 1-2 at 4.  Thus, contrary to Defendant's assertions in the notice of removal, the complaint does not assert a claim related to costs and disclosures under RESPA.

Moreover, to the extent Defendant has removed based on anticipated defenses under RESPA or other federal statutes, removal is also improper.  Defendant's anticipated defenses or counterclaims cannot establish federal jurisdiction.  *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (holding a defendant's counterclaim presenting a federal question does not make a case removable).  As such, this Court does not have subject matter jurisdiction on the basis of federal question.

This leaves diversity of citizenship as the only available basis of jurisdiction in this Court.  As noted above, a federal court has jurisdiction over an action involving citizens of different states when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The removing party has the burden of establishing removal jurisdiction.  *Lowdermilk*, 479 F.3d at 997; *see Abrego Abrego v. The Dow Chem. Co*, 443 F.3d 676, 682-83 (9th Cir. 2006) (the removing defendant has "'always' borne the burden of establishing federal jurisdiction, including any

applicable amount in controversy requirement") (quoting *Gaus*, 980 F.2d at 566) ("Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement.").   Courts determine the amount in controversy at the time of removal and based on the allegations in the operative pleading. *Lowdermilk*, 479 F.3d at 994.

Although diversity of citizenship may exist between the parties—Plaintiffs are citizens of California and Defendant is a citizen of Illinois and/or Florida—the amount of controversy is $2,647.96 and therefore does not exceed the requisite $75,000.  Thus, the Court does not have diversity jurisdiction in this matter.

Defendant has not shown that the state court action could have originally been brought in federal court; therefore, the Court must remand this action.

CONCLUSION

Having carefully reviewed the notice of removal and the accompanying documents, the Court finds and concludes that it does not have subject matter jurisdiction over this action.  Accordingly, the Court **REMANDS** the above captioned Case No. 37-2014-00300314-SC-SC-NC to the Small Claims Court of the Superior Court of California, County of San Diego.  The Clerk of Court shall return the case to the state court forthwith and close this action.

**IT IS SO ORDERED**.

DATED:  April 10, 2014

Hon. Michael M. Anello
United States District Judge